IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SHAWNA CHAVEZ, as next friend of KATRINA CHAVEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAFE & CARE TRANSPORTATION CORP., )<br>UNITED SEATING & MOBILITY, LLC, and )<br>JOHN DOE, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 1:20-CV-01165<br><br>JURY TRIAL DEMANDED |

## DEFENDANT UNITED SEATING AND MOBILITY, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant United Seating and Mobility, LLC d/b/a Numotion (hereinafter "Numotion") answers Plaintiff's First Amended Complaint (hereinafter "Complaint") as follows:

1. Numotion lacks sufficient knowledge or information to admit or to deny the allegations contained in paragraph 1 of the Complaint and, therefore, denies them.

2. Numotion admits that it is a Missouri limited liability company. Numotion denies that its principal place of business is in Bernalillo County, New Mexico. Numotion denies all other allegations in paragraph 2 of the Complaint.

3. Numotion lacks sufficient knowledge or information to admit or to deny the allegations contained in paragraph 3 of the Complaint and, therefore, denies them.

4. The allegations of paragraph 4 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 4.

5. The allegations of paragraph 5 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 5.

6. The allegations of paragraph 6 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 6.

7. The allegations of paragraph 7 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 7.

8. The allegations of paragraph 8 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 8.

9. Numotion lacks sufficient knowledge or information to admit or to deny the allegations contained in paragraph 9 of the Complaint and, therefore, denies them.

10. Numotion admits that Plaintiff has a medical condition requiring her use of a wheelchair. Except as specifically admitted, Numotion denies the remaining allegations of paragraph 10.

11. The allegations of paragraph 11 of the Complaint contain a legal conclusion to which no response is required. To the extent that a response is required, Numotion states that upon information and belief, the United States District Court for the District of New Mexico has subject-matter jurisdiction over this lawsuit.

**General Allegations Accident of January 19, 2016**

12.     Numotion lacks sufficient knowledge or information to admit or to deny the allegations contained in paragraph 12 of the Complaint and, therefore, denies them.

13.     Denied.

14.     Numotion lacks sufficient knowledge or information to admit or to deny the allegations contained in paragraph 14 of the Complaint and, therefore, denies them.

15.     Denied.

## COUNT I
## NEGLIGENCE – DEFENDANT DALTON

16.     Numotion incorporates its responses to all allegations contained in paragraphs 1-15 as if fully set forth herein.

17.     The allegations of paragraph 17 do not appear to be directed at Numotion and, therefore, no response is required.  To the extent that a response is required, Numotion denies the allegations in paragraph 17.

18.     The allegations of paragraph 18 do not appear to be directed at Numotion and, therefore, no response is required.  To the extent that a response is required, Numotion denies the allegations in paragraph 18.

19.     The allegations of paragraph 19 do not appear to be directed at Numotion and, therefore, no response is required.  To the extent that a response is required, Numotion denies the allegations in paragraph 19.

20.     The allegations of paragraph 20 do not appear to be directed at Numotion and, therefore, no response is required.  To the extent that a response is required, Numotion denies the allegations in paragraph 20.

21. The allegations of paragraph 21 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 21.

22. The allegations of paragraph 22 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 22.

23. The allegations of paragraph 23 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 23.

24. The allegations of paragraph 24 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 24.

## COUNT II
## NEGLIGENCE – UNITED SEATING

25. Numotion incorporates its responses to all allegations contained in paragraphs 1-24 as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT III
## NEGLIGENT SUPERVISION – DEFENDANT SAFE & CARE

36. Numotion incorporates its responses to all allegations contained in paragraphs 1-35 as if fully set forth herein.

37. The allegations of paragraph 37 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 37.

38. The allegations of paragraph 38 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 38.

39. The allegations of paragraph 39 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 39.

40. The allegations of paragraph 40 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 40.

41. The allegations of paragraph 41 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 41.

42. The allegations of paragraph 42 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 42.

43. The allegations of paragraph 43 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 43.

44. The allegations of paragraph 44 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 44.

45. The allegations of paragraph 45 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 45.

46. The allegations of paragraph 46 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 46.

47. The allegations of paragraph 47 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 47.

48. The allegations of paragraph 48 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 48.

## COUNT IV
### *RESPONDEAT SUPERIOR*

49. Numotion incorporates its responses to all allegations contained in paragraphs 1-48 as if fully set forth herein.

50. The allegations of paragraph 50 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 50.

51. The allegations of paragraph 51 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 51.

52. The allegations of paragraph 52 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 52.

53. The allegations of paragraph 53 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 53.

54. The allegations of paragraph 54 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 54.

55. The allegations of paragraph 55 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 55.

56. The allegations of paragraph 56 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 56.

57. The allegations of paragraph 57 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 57.

58. The allegations of paragraph 58 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 58.

## COUNT V
## NEGLIGENCE – DEFENDANT SAFE & CARE

59. Numotion incorporates its responses to all allegations contained in paragraphs 1-58 as if fully set forth herein.

60. The allegations of paragraph 60 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 60.

61. The allegations of paragraph 61 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 61.

62. The allegations of paragraph 62 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 62.

63. The allegations of paragraph 63 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 63.

64. The allegations of paragraph 64 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 64.

65. The allegations of paragraph 65 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 65.

66. The allegations of paragraph 66 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 66.

67. The allegations of paragraph 67 do not appear to be directed at Numotion and, therefore, no response is required. To the extent that a response is required, Numotion denies the allegations in paragraph 67.

Numotion denies the allegations in the paragraph beginning "WHEREFORE," and specifically denies that Plaintiff is entitled to any relief.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

If evidence supports the affirmative defense of comparative fault, Numotion will pursue that affirmative defense at trial.

### THIRD DEFENSE

If evidence establishes that the accident, injuries, and damages at issue were caused by product misuse or abuse, Numotion will pursue that affirmative defense at trial.

### FOURTH DEFENSE

If evidence establishes that the accident, injuries, and damages at issue were due to modifications, maintenance, or services made to the subject wheelchair by entities or persons other than Numotion, Numotion will pursue that affirmative defense at trial.

### FIFTH DEFENSE

If evidence establishes that the accident, injuries, and damages at issue were caused by substantial changes or alterations to the product, Numotion will pursue that affirmative defense at trial.

### SIXTH DEFENSE

If evidence establishes that the accident, injuries, and damages at issue were caused by an independent intervening cause, Numotion will pursue that affirmative defense at trial.

### SEVENTH DEFENSE

If the evidence establishes that Plaintiff's claims fail, in whole or in part, due to the equitable doctrines of laches, estoppel, and/or waiver, Numotion will pursue those affirmative defenses at trial.

### EIGHTH DEFENSE

If the evidence establishes that Plaintiff failed to mitigate her damages, Numotion will pursue that affirmative defense at trial.

### NINTH DEFENSE

Because the investigation of the allegations contained in the Complaint is not complete at this time, Numotion does not know whether additional affirmative defenses may apply. Numotion has neither knowingly nor intentionally waived any applicable affirmative defenses. If Numotion later learns that additional affirmative defenses may apply, Numotion will seek leave to amend its answer to raise such other affirmative defenses.

### NUMOTION DEMANDS A TRIAL BY JURY.

WHEREFORE, Numotion prays for judgment as follows:

a. That Plaintiff takes nothing by reason of her Complaint;

b. That judgment be entered against Plaintiff in favor of Numotion;

c. That Numotion be dismissed hence with its costs of suit incurred herein; and

d. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: /s/ Paul R. Koller
Paul R. Koller
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900
*pkoller@rodey.com*

LIGHTFOOT, FRANKLIN & WHITE LLC
By:   Lee M. Hollis *(subject to admission pro hac vice)*
John G. Thompson *(subject to admission pro hac vice)*
Clinton T. Speegle *(subject to admission pro hac vice)*
Brooke L. Messina *(subject to admission pro hac vice)*
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700

*lhollis@lightfootlaw.com*
*jthompson@lightfootlaw.com*
*cspeegle@lightfootlaw.com*
*bmessina@lightfootlaw.com*

*Attorneys for United Seating and Mobility, LLC d/b/a Numotion*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 16th day of November, 2020, I caused the foregoing to be electronically filed through the CM/ECF filing system, which caused counsel of record to be served by electronic means, and that a true and correct copy of the foregoing was also e-mailed on the same day to the following:

Jedidiah J. Glazener
925 Luna Circle NW
Albuquerque, NM 87102
*jedg@omrlaw.com*

*Attorney for Plaintiff*

Alvin R. Garcia
3620 Wyoming Blvd. N.E.
Suite 205
Albuquerque, NM 87111
*alvingarcia35@yahoo.com*

*Attorney for Plaintiff*

Mark J. Riley
Matthew R. Wadsworth
RILEY, SHANE & KELLER, P.A.
3880 Osuna Road N.E.
Albuquerque, NM 87109
*mriley@rsk-law.com*
*mwadsworth@rsk-law.com*

*Attorneys for Defendant Safe & Care Transportation Corp.*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: /s/ Paul R. Koller
     Paul R. Koller